

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00117-CR

| | | |
|---|---|---|
| Charlotte Whiting | § | From the 297th District Court |
| | § | of Tarrant County (1232597D) |
| v. | § | February 7, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00117-CR

---

CHARLOTTE WHITING                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                          STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Charlotte Whiting appeals her conviction and three year prison sentence imposed by the trial court after she pled guilty without a plea bargain to prostitution enhanced to a second degree felony by three or more prior convictions.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Appellant filed a pro se response to the *Anders* brief. The State has filed a letter response, stating that it agrees with Appellant's counsel that there is no reversible error.

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, the State's letter, and Appellant's response to counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6

3

(Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 7, 2013